No. 2592.—JACOB C. VAN WINKLE *v.* THE POLICE JURY OF THE PARISH OF POINTE COUPEE.

A written obligation, signed by the auditor of parish accounts, styled a certificate of indebtedness, is prescribed by the lapse of five years. C. C. 3505.

APPEAL from the Seventh Judicial District, Parish of Pointe Coupée. *Cooley,* J. *Cooley & Phillips,* for plaintiff and appellee. *John Yoist,* for defendant and appellant.

TALIAFERRO, J. The plaintiff sues the parish of Pointe Coupée to recover the amount of four written obligations, styled "Certificates of Indebtedness." Three of these instruments, each for one thousand dollars, are dated March 2, 1860, and signed by the auditor of parish accounts, and indorsed by the holder of the claim against the parish. They are numbered, respectively, 618, 619 and 620, and read as follows:

"Pointe Coupée. This is to certify that the parish of Pointe Coupée owes to Mr. Richard Hanahan, or order, one thousand dollars, with interest at the rate of eight per cent. per annum from this date, for building the Colomb levee.

"*Pointe Coupée, March 2,* 1860.
    (Signed)                        "JOHN YOIST,
                                    "Auditor of Parish Accounts.

"Indorsed: RICHARD HANAHAN."

The other act, dated June 23, 1863, is drawn in the same manner for the sum of five hundred dollars, with like interest from date, and

expresses the consideration to be a balance due the district surveyor. The main grounds of defense are:

*First*—Prescription.

*Second*—That no provision was made at the time the indebtedness was created to discharge it.

The plaintiff obtained judgment in the lower court, and the defendant appeals.

We think the certificate sued upon comes within the large class of instruments contemplated by the article 3505 of the Civil Code, and the prescription of five years, plead in defense, must prevail.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed  It is further ordered that there be judgment in favor of the defendant and appellant, and that the plaintiff pay costs in both courts.

Rehearing refused.